```
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
         NORTHERN DIVISION
```

EDDIE LEE PUGH, # 339948,        *
                                                  *
    Petitioner,                    *
                                                  *
vs.                                    * CIVIL ACTION NO. 25-00075-JB-B
                                                  *
CHRISTOPHER GORDY,           *
                                                  *
    Respondent.                    *

**REPORT AND RECOMMENDATION**

This matter is before the Court on review.[1] Petitioner Eddie Lee Pugh ("Pugh"), an Alabama prison inmate proceeding without an attorney, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Alabama. However, subsequent to Pugh's initiation of this action, he has failed to prosecute it and failed to obey this Court's directives. Accordingly, and for the reasons set forth below, the undersigned recommends that Pugh's § 2254 habeas petition (Doc. 1) and this action be **DISMISSED without prejudice**.

    **I.**    **BACKGROUND**

In January 2025, Pugh commenced this action by filing a § 2254 habeas petition in the United States District Court for the

---

[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

Northern District of Alabama.  (Doc. 1).  In February 2025, this action was transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 2241(d).  (Docs. 3, 4, 5).

The undersigned "promptly examine[d]" Pugh's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  In an order dated February 27, 2025, the undersigned noted that Pugh had neither paid the $5.00 statutory habeas filing fee nor filed a motion to proceed without prepayment of fees as required.  (Doc. 6 at 2).  Accordingly, the undersigned ordered Pugh to either pay the $5.00 filing fee or file a motion to proceed without prepayment of fees on or before March 27, 2025.  (Id.).

In the same order, the undersigned noted that Pugh's petition was not on the form required by this Court for a § 2254 habeas petition, and that the petition did not indicate that Pugh had exhausted all available state remedies for his claim(s) prior to seeking federal habeas relief.  (Id. at 2-6).  The undersigned informed Pugh that before this action could proceed further, he needed to correct these deficiencies, to the extent he was able to do so.  (Id. at 6).  Thus, the Court ordered Pugh to refile his petition on or before March 27, 2025, using the current form required by this Court for a § 2254 habeas petition, if he wished to proceed with this action.  (Id.).

2

The undersigned cautioned Pugh that if he failed to fully comply with the Court's order within the prescribed time, the undersigned would recommend that this action be dismissed for failure to prosecute and failure to obey the Court's order. (Id. at 7). The undersigned directed the Clerk of Court to update Pugh's address on file to reflect his current place of confinement (Bibb County Correctional Facility), and to send to Pugh at his new address a copy of his original § 2254 habeas petition for his reference, along with a copies of this Court's current § 2254 habeas petition and IFP motion forms for his use. (Id.).

The Court's February 27, 2025 order and accompanying documents were mailed to Pugh at Bibb County Correctional Facility, and they have not been returned to the Court as undeliverable. However, to date, Pugh has not refiled his § 2254 habeas petition on this Court's required form, despite being ordered to do so no later than March 27, 2025. Nor has Pugh paid the $5.00 filing fee or filed a motion to proceed without prepayment of fees, despite being ordered to do one of those things no later than March 27, 2025. Pugh has not requested additional time within which to comply with the Court's order, he has not indicated that he is unable to comply with the Court's order, and he has not provided any explanation for his failure to timely comply with the Court's order. Additionally, an online search reveals that Pugh is still

3

incarcerated at Bibb County Correctional Facility, where the Court's order and accompanying documents were sent.

## II. DISCUSSION

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As noted previously, Pugh has made no apparent effort to comply with the Court's order to refile his § 2254 petition on

4

this Court's required form and to pay the $5.00 filing fee or file a motion to proceed without prepayment of fees. Pugh has not explained his failure to comply with the Court's order, indicated that he is unable to comply, or sought additional time within which to comply. Pugh's lack of response to the Court's order suggests that he has lost interest in and abandoned the prosecution of this action. In light of Pugh's failure to prosecute this action and failure to obey the Court's order, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and/or this Court's inherent authority, as it appears no lesser sanction will suffice to induce his compliance.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, R. 11(a). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

Where habeas relief is denied on procedural grounds without reaching the merits of any underlying constitutional claim(s), a

certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). A prisoner seeking a certificate of appealability "must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quotations omitted). However, a certificate of appealability "does not require a showing that the appeal will succeed." Id. at 337.

After reviewing the issues presented in light of the applicable standards, the undersigned submits that reasonable jurists would not conclude that this Court is in error in dismissing the instant petition without prejudice for failure to prosecute and to obey the Court's order, or that Pugh should be allowed to proceed further. As a result, it is recommended that Pugh be **DENIED** a certificate of appealability in conjunction with the dismissal of the present § 2254 habeas petition.[2]

---

[2] Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides for the following procedure: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct

6

## IV. APPEAL *IN FORMA PAUPERIS*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

Ghee v. Retailers Nat. Bank, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam).

Considering this legal standard, and for the reasons outlined above, it is recommended that the Court **CERTIFY** that any appeal by Pugh of the dismissal of the present § 2254 petition would be

---

the parties to submit arguments on whether a certificate should issue." Rules Governing § 2254 Cases, R. 11(a). Accordingly, if there is an objection to this recommendation by Pugh, he may bring his argument to the attention of the District Judge in the objections permitted to this report and recommendation. Should this Court deny a certificate of appealability, Pugh "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Id.

without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[3]

## V. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Pugh's § 2254 habeas petition (Doc. 1) and this action be **DISMISSED without prejudice** for failure to prosecute and failure to obey the Court's order. The undersigned further **RECOMMENDS** that Pugh be **DENIED** a certificate of appealability, and that the Court **CERTIFY** that any appeal by Pugh of the dismissal of the present § 2254 habeas petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.

The Clerk is **DIRECTED** to send copies of Pugh's habeas petition (Doc. 1) and this report and recommendation to Respondent Warden Christopher Gordy, Bibb County Correctional Facility, 565 Bibb Lane, Brent, Alabama 35034, and to the Attorney General of the State of Alabama.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen

---

[3] Pugh may file a motion to proceed *in forma pauperis* on appeal with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

8

(14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **17th** day of **April, 2025.**

　　　　　　　　　　　　　　　　　　　　　　/S/ SONJA F. BIVINS
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

9